IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS LOVATO and MILNOR SANCHEZ,

      Plaintiffs,

v.                                Case No. 09-CV-993 JEC/WDS

MORA SAN MIGUEL ELECTRIC COOPERATIVE,
INC., and BOARD MEMBERS FELIX VIGIL,
ROBERT BACA, DANIEL ROMERO, and,
ELIZABETH LEYBA, in the Individual and
Official Capacities,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

      THIS MATTER comes before the Court on *Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* (Doc. 2), filed October 15, 2009 ("Motion"). Having reviewed the parties' submissions and being otherwise fully informed, the Court finds the Motion is well-taken and will therefore GRANT the Motion as explained in detail below.

**I.      BACKGROUND**

      Plaintiffs are members of the Mora-San Miguel Electric Cooperative ("MSMEC"), who claim that Defendants deprived them of their elected representation to the Tri-State Generation and Transmission Association, Inc. Board of Directors ("Tri-State Board"). *Notice of Removal* (Doc. 1) at Ex. A, ¶¶ 3, 7-11. Although their Complaint is less than perfectly clear, Plaintiffs assert claims pursuant to 42 U.S.C. § 1983, referencing alleged violations of the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs also contend that Defendants violated the New Mexico Tort Claims Act. Defendants seek dismissal of Plaintiffs' Complaint on the grounds that they are not state actors and therefore not subject to suit under either § 1983 or the Tort Claims Act.

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court "assume[s] the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Dismissal is not appropriate if the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007).)  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*  "[I]n determining whether to grant a motion to dismiss, the district court [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995).

## III.    DISCUSSION

### A.    Plaintiffs Lack Allegations of State Action Sufficient to Support Their Claims Under 42 U.S.C. § 1983.

In order to assert a valid § 1983 claim, Plaintiffs must allege the following elements: (1) that they were deprived of a right secured by the United States Constitution, and (2) that defendants deprived them of this right while acting under color of state law. *Maestas v. Lujan*, 351 F.3d 1001, 1012, n.1 (10th Cir. 2003).  "To be under color of law, the deprivation of a federal right 'must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor ...

2

because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207-08 (10th Cir. 2005) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

In this case, MSMEC is not even alleged to be a state actor.  Plaintiffs contend that MSMEC "is an electrical Cooperative organized and exist [sic] pursuant to the laws of the State of New Mexico and [sic] provides electricity to the area of Mora County and San Miguel County, New Mexico." *Complt.* (Doc. 1, Ex. A at ¶ 2).  But this statement does not establish rural electric cooperatives as state actors.  Nor do the applicable New Mexico laws. *See, e.g.,* NMSA 1978, § 62-15-1 to -37.  To the contrary, the Rural Electric Cooperative Act provides that "cooperative non-profit membership *corporations*" may be established.  NMSA 1978, § 62-15-2.

Even private actors such as the MSMEC may be subject to § 1983 liability, however. *Anderson v. Suiters*, 499 F.3d 1228 (10th Cir. 2007) (recognizing that "[t]he Supreme Court has outlined four tests to determine whether private actors, such as the media defendants, should be considered state actors: "(1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test").  Plaintiffs do not focus on a particular test as applicable in this case.  Rather, it appears they intend to argue that MSMEC is a state actor under any of the four tests set forth in *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

### 1.   MSMEC does not perform a public function.

Under the public function test, a court determines whether a private entity has exercised "powers traditionally exclusively reserved to the State." *Jackson v. Metro. Edison Co.*, 419 U.S.

3

345, 352, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) ("We have, of course, found state action present in the exercise by a private entity of powers traditionally exclusively reserved to the State"). One example of "powers traditionally exclusively reserved to the State" is the conducting elections or powers "traditionally associated with sovereignty, such as eminent domain." *Id.* The Supreme Court has recognized, however, that "the supplying of utility service is not traditionally the exclusive prerogative of the State." *Id.* at 353.

Plaintiffs in this case point to the heavy government regulation of MSMEC's business, claiming that it "is directed and controlled by the government." *Resp.* at 8. But such regulation and control does not convert a private entity into a state actor. *Jackson*, 419 U.S. at 350 (holding that "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment").

The public function test does not establish MSMEC as a state actor according to the allegations of the Complaint.

> **2.      There are no allegations tending to establish a sufficient nexus
> between MSMEC and the state or federal government.**

Under the nexus test, "a state normally can be held responsible for a private decision 'only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.' " *Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). The Supreme Court has explained that "the purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum*, 457 U.S. at 1004.

4

Here there are not allegations sufficient to show that such a nexus existed between MSMEC and the State. Indeed, there are no allegations of State involvement in MSMEC's election procedures and in the conduct of MSMEC board meetings. Because this is the conduct of which Plaintiffs complain in this case, the nexus test does not establish MSMEC as a state actor.

### 3. Plaintiffs make no allegations to support a symbiotic relationship between MSMEC and the state.

The symbiotic relationship test requires a showing that the state "has so far insinuated itself into a position of interdependence" with a private party that "it must be recognized as a joint participant in the challenged activity." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). "[E]xtensive state regulation, the receipt of substantial state funds, and the performance of important public functions do not necessarily establish the kind of symbiotic relationship between the government and a private entity that is required for state action." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1451 (10th Cir.1995).

Here, Plaintiffs' only allegations related to a symbiotic relationship between MSMEC and the State involve the heavy regulation of electric utilities and MSMEC's receipt of state funds. As illustrated by *Gallagher* and *Burton*, as well as *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 175, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972), neither of these are sufficient alone to establish a symbiotic relationship.

### 4. Joint action is not alleged.

In determining whether the joint action test is met, the question is "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Gallagher*, 49 F.3d at 1453. Again, there are no allegations in this case that the state

was involved in MSMEC's election procedures or board meetings—the conduct leading to

Plaintiffs' alleged deprivation of rights.  Rather, the central issue in this case, from Plaintiffs'

perspective, appears to be whether MSMEC followed its own policies, independent of any state

action whatsoever.  Thus, Plaintiffs' claims as pled in their Complaint fail to state a § 1983 claim

for which relief may be granted.

**B.      Because MSMEC Is Not a "Governmental Entity" or "Local Public Body," It Is Not Liable Pursuant to the New Mexico Tort Claims Act.**

The New Mexico Tort Claims Act applies to governmental entities and government

employees acting within the scope of their duties.  NMSA 1978, § 41-4-4(A).  The Tort Claim

provides that governmental entities and government employees are immune from tort liability,

with certain exceptions.  *Id.*  A "governmental entity" is defined as the state or any "local public

body," which includes "all political subdivisions of the state and their agencies, instrumentalities

and institutions and all water and natural gas associations organized pursuant to Chapter 3,

Article 28 NMSA 1978."  NMSA 1978, § 41-4-3(B) and (C).  "Public employees" are defined by

the Tort Claims Act as officers, employees or servants of governmental entities.  NMSA 1978, §

41-4-3(F).

MSMEC is not alleged to be a governmental entity or local public body in the present

case.  Thus, it is difficult to see how Plaintiffs claim that MSMEC could be liable pursuant to the

Tort Claims Act.  As an electrical cooperative organized pursuant to New Mexico law, *Complt.*

(Doc. 1, Ex. A at ¶ 2), MSMEC is a "cooperative non-profit membership *corporation*."  NMSA

1978, § 62-15-2.  Nowhere in New Mexico's Rural Electric Cooperative Act does the

Legislature declare that a rural electric cooperative is a body politic, "governmental entity," or

"local public body" of any kind.

6

Plaintiffs contend that MSMEC serves a government function by providing electricity and that it should therefore be considered a governmental entity. *Resp.* at 4. But the New Mexico Supreme Court has previously rejected this type of argument, holding that privately-owned non-profit corporations are not "governmental entities" or "local public bodies" under the Tort Claims Act, even where such corporations serve a locality by providing water. *Carmona v. Hagerman Irrig. Co.*, 125 N.M. 59, 65-66, 957 P.2d 44, 50-51 (1998). The defendant in *Carmona* argued that although it was not organized as an irrigation district and therefore not statutorily recognized as a body politic, it should be entitled to immunity under the Tort Claims Act because it served the same function as an irrigation district. *Id.* at 66, 957 P.2d at 51. The Supreme Court held that the defendant in *Carmona* was not entitled to immunity under the Tort Claims Act. *Id.* (holding that "because Hagerman has the option of complying with statutory requirements in order to gain any benefits and obligations and has chosen not to do so, Hagerman cannot now claim the advantages of the Tort Claims Act by analogy").

Plaintiffs next point to federal involvement with the MSMEC through the Rural Utilities Service and state involvement through the Public Regulation Commission and argue that the MSMEC is an alter ego of a governmental entity. *Resp.* at 7-9. Initially, Plaintiffs are correct that a private entity may theoretically be subject to the Tort Claims Act, but only to the extent that the private entity is deemed an agent, instrumentality or institution of the state. NMSA 1978, § 41-4-3(C) (defining "local public body" as "all political subdivisions of the state and their agencies, instrumentalities and institutions and all water and natural gas associations organized pursuant to Chapter 3, Article 28 NMSA 1978"). New Mexico case law demonstrates that Plaintiffs' Complaint fails to establish MSMEC as an agency, instrumentality, or institution

of the state in this case.

In the one case cited by Plaintiffs, *Cole v. City of Las Cruces*, the New Mexico Supreme Court rejected the argument that a private natural gas company was an instrumentality of the City of Las Cruces even where the City was solely responsible for operating and maintaining the company's natural gas transmission and distribution system and where the City had the right to supervise, direct and control the employees of the company.  99 N.M. 302, 305, 657 P.2d 629, 632 (1983).  Plaintiffs point to no other New Mexico cases finding private entities subject to the Tort Claims Act.  Moreover, the facts of this case as alleged by Plaintiffs offer no greater association between the state and MSMEC than between the City of Las Cruces and the natural gas company in *Cole*.  In short, Plaintiffs have not pled enough facts to state a plausible claim for relief under the Tort Claims Act.

## IV.    CONCLUSION

Plaintiffs' Complaint has not given the Court reason to believe that Plaintiffs are reasonably likely to muster factual support for their claims.  They have not alleged claims against state actors or governmental entities, as required by § 1983 and the New Mexico Tort Claims Act.

IT IS THEREFORE ORDERED that *Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* (Doc. 2), filed October 15, 2009, is GRANTED, and Plaintiffs' Complaint shall be dismissed without prejudice.

Dated February 11, 2010.

s/John Edwards Conway

_____

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Dave Romero, Jr., Esq.
Las Vegas, NM

Counsel for Defendants:
Lorna M. Wiggins, Esq.
Albuquerque, NM